UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **B.R.**, a minor, by and through her natural parent and guardian, **LISA LOMBARDO**, and, **LISA LOMBARDO**, in her own right,<br><br>*Plaintiff,*<br><br>v.<br><br>**POWDR – WOODWARD PA, LLC,** d/b/a **WOODWARD CAMP**, **POWDR CORP, WOODWARD CAMP, INC.,** and **THE WOODWARD FOUNDATION**,<br><br>*Defendants.* | **COMPLAINT**<br><br>Case No. _____ |

Plaintiff, B.R., a minor, by and through her natural parent and guardian, Lisa Lombardo, for her cause of action against Defendants, alleges as follows:

## PARTIES

1.  Plaintiff, B.R., a minor, by and through her natural parent and guardian, Lisa Lomabardo, is a citizen of the State of New Jersey residing at 83 Willow Road in the Township of Belle Mead, County of Somerset, State of New Jersey.

2.  Plaintiff, Lisa Lombardo, the natural parent and guardian of B.R., is an adult individual and citizen of the State of New Jersey residing at 83 Willow Road in the Township of Belle Mead, County of Somerset, State of New Jersey.

3.  Defendants, Powdr-Woodward PA, LLC, d/b/a Woodward Camp, Powdr Corp., Woodward Camp, Inc. and The Woodward Foundation, are corporate entities registered to do business within the Commonwealth of Pennsylvania and have a principal place of business at

134 Sports Camp Drive in the Community of Woodward, County of Centre, Commonwealth of Pennsylvania (these Defendants are hereinafter referred to as the "Woodward Camp").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 as this action involves citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue in the United States District Court for the Middle District of Pennsylvania is appropriate under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the subject claim occurred within the Middle District of Pennsylvania.

## FACTS

6. At all times material hereto, the Woodward Camp was responsible for the care, maintenance, operation and control of the said premises.

7. At all times material hereto, the Woodward Camp was responsible for overseeing cheer camp and instructing camp participants in performing gym activities (including tumbling).

8. At all times material hereto, the Woodward Camp was responsible for ensuring that said gym activities (including tumbling) were performed in a reasonably safe manner and for ensuring the reasonable safety of camp participants.

9. At all times material hereto, the Woodward Camp was responsible for setting up the equipment to be used for camp participants while performing gymnastic activities.

10. On July 27, 2015, B.R., a minor, was attending cheer camp at the Woodward Camp, located at 134 Sports Camp Drive, Woodward, PA, 16882.

11. On the said date, in the course of performing gymnastic activities as instructed by employees of the Woodward Camp, B.R. sustained serious and permanent injuries while "tumbling"[1] onto a concrete floor covered by thin carpeting.

12. The tumbling was normally performed on gym mats known as "Air Track" mats, which are long, narrow mats elevated above ground level.

13. No adequate floor mats were placed around the area abutting the Air Track mat.

14. B.R. sustained serious injuries to her right ankle when, as she tumbled, her foot went off the edge of the Air Track mat striking the carpeted concrete floor while tumbling.

15. B.R.'s injury was an obvious and foreseeable risk associated with using Air Track mats for tumbling without placing adequate floor mats on the floor abutting the Air Track mat.

16. Immediately after this incident, B.R.'s right leg below her knee went numb.

17. Despite B.R.'s serious complaints to camp employees of concern about the fact that she could not feel her lower right leg after the accident, camp personnel waited several days before obtaining appropriate medical care.

18. B.R.'s injuries were a foreseeable result of the Woodward Camp's conduct in setting up the Air Track mat for tumbling without placing adequate gymnastic floor mats on the area abutting the Air Track mat.

19. B.R.'s injuries resulted directly and solely from the negligence and carelessness of the Woodward Camp, as set forth more fully below.

---

[1] "Tumbling" is a term used to define the performance of acrobatic gymnastics.

## COUNT ONE
### B.R., A MINOR, BY AND THROUGH HER NATURAL PARENT AND GUARDIAN, LISA LOMBARDO, V. ALL DEFENDANTS

20.  Plaintiff, B.R., repeats each and every allegation contained in the previous counts of this Complaint as though set forth at length herein.

21.  The Woodward Camp's negligence and carelessness, by and through its employees, workers, agents, officers and/or principals, consisted of, *inter alia*, the following:

   a. Failure to ensure that tumbling was performed on a reasonably safe mat of appropriate size;
   b. Allowing gym activities (including tumbling) to be performed on a carpeted concrete floor without appropriate mats being placed;
   c. Failure to hire personnel with the requisite knowledge and experience to ensure tumbling was performed in a safe and reasonable manner;
   d. Failure to train personnel to ensure tumbling was performed in a safe and reasonable manner;
   e. Failure to supervise camp participants while performing gym activities;
   f. Failure to take reasonable steps to ensure gym activities were performed in a reasonably safe manner and under reasonably safe circumstances; and
   g. Failure to promptly obtain proper medical care for Plaintiff after her injury; and
   h. Failure to appreciate the severity of Plaintiff's injury.

22.  As a direct and proximate result of the negligence of the Woodward Camp, as aforesaid, B.R. sustained serious and permanent injuries, including, but not limited to: intra-articular fracture of the talus, avulsion fracture of the posterior inferior fibula, avulsion fracture of the distal fibula, right ankle infection and ankle sprain, all to her great detriment and loss.

23.  As a direct and proximate result of the negligence of the Woodward Camp, B.R. has suffered and will in the future suffer from great physical and mental pain and anguish, including scarring, gait abnormality, arthritis and nerve injury, as well as other medical and physical complications and impairments.

24. As a direct and proximate result of the negligence of the Woodward Camp, B.R. has required and in the future will require the care and treatment of physicians, surgeries requiring placement and removal of fixation implants, physical rehabilitation and other similar attention.

25. As a direct and proximate result of the negligence of the Woodward Camp, B.R. has been and will in the future continue to be hindered in her ability to carry out daily activities.

26. As a direct and proximate result of the negligence of the Woodward Camp, B.R. has suffered a loss of earnings and/or earning capacity.

27. As a direct and proximate result of the negligence of the Woodward Camp, B.R. has sustained an impairment and a loss of the enjoyment of life's pleasures.

**WHEREFORE**, Plaintiff, B.R., a minor, by and through her natural parent and guardian, Lisa Lombardo, respectfully requests this Court to grant judgment against the Defendants jointly and/or severally in an amount in excess of $150,000.00, together with interest and costs of suit.

## COUNT TWO
### LISA LOMBARDO, in her own right, V. ALL DEFENDANTS

28. Plaintiff, Lisa Lombardo, repeats each and every allegation contained in the previous counts of this Complaint as though set forth at length herein.

29. Lombardo, as the parent and natural guardian of B.R. has incurred substantial expenses for the medical care and treatment of B.R. and will incur expenses for such treatment in the future.

30. These expenses are the direct and proximate result of the Woodward Camp's negligence and carelessness, and Plaintiff, Lisa Lombardo, hereby makes claim for these expenses.

**WHEREFORE**, Plaintiff, Lisa Lombardo, respectfully requests this Court to grant judgment against the Defendants jointly and/or severally in an amount in excess of $150,000.00, together with interest and costs of suit.

                                                  **LOWENTHAL & ABRAMS, P.C.**

                                                  Respectfully submitted,

Dated: 7/19/2017                 By:    /s/ Dennis M. Abrams
                                                      Dennis M. Abrams, Esquire PA 40184
                                                      Jeffrey F. Parker, Esquire PA 308049
                                                      Lowenthal & Abrams, P.C.
                                                      555 E. City Avenue, Ste. 500
                                                      Bala Cynwyd, PA  19004
                                                      (610) 667-7511
                                                      Fax: (610) 667-3440

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues herein.

                                                  Respectfully submitted,

Dated: 7/19/2017                 By:    /s/ Dennis M. Abrams
                                                      Dennis M. Abrams, Esquire PA 40184
                                                      Jeffrey F. Parker, Esquire PA 308049
                                                      Lowenthal & Abrams, P.C.
                                                      555 E. City Avenue, Ste. 500
                                                      Bala Cynwyd, PA  19004
                                                      (610) 667-7511
                                                      Fax: (610) 667-3440